IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVA MOLINA,

        Plaintiff,

v.

Civil Action No. 1:21-cv-843
Hon.

**COMPLAINT**

VELO ASSOCIATES, P.L.C., and
SCOTT A. RENNER,

        Defendants.
_____/

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICES
Attorney for Plaintiff
PO Box 838.
Grand Haven, MI 49417-1336
616-846-7153
roger@cotnerlaw.us

_____/

### Introduction

1. Plaintiff Eva Molina brings this action to secure redress against unlawful collection practices by Defendant debt collectors, which practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act ("MCPA"), M.C.L, § 445.251 *et seq;* and treble damages for Defendants'

1

conversion of her personal property pursuant to M.C.L.. §600.2919a. Defendants garnished Ms. Molina's 2020 State of Michigan income tax refund on the pretense that Ms. Molina owed a money judgment to Defendants' client, Simple Home Management, LLC, when she did not. Defendants also filed a fraudulent and baseless collection action against Ms. Molina and others in an improper venue.

## Jurisdiction and Venue

2. This Court has jurisdiction under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d); and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because Defendants transact business here, the pertinent events took place here, and Plaintiff resides here.

## Parties

3. Plaintiff Eva Molina is a natural person who resides in Allegan County, Michigan. At all relevant times, Ms. Molina has been a "consumer" and "person" as that term is defined by 15 U.S.C. § 1692a(3). Ms. Molina is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA. Ms. Molina is a person whom the MCPA was intended protect, M.C.L. §445.251(d).

4. Defendant Velo Associates, P.L.C. ("Velo") is a Michigan professional limited liability company. Velo uses interstate commerce and the mails in a business, the principal purpose of which is the collection of debts. Velo regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Velo is a "debt collector" as the term is defined and used in the FDCPA. Velo

2

is a "regulated person" as the term is defined and used in the MCPA.

5. Defendant Scott A. Renner is an individual licensed by the State Bar of Michigan to practice law in Michigan. Mr. Renner practices under the name, "Velo Law Office" which is an assumed name of defendant Velo Associates P.L.C.. Mr. Renner uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Renner regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Renner is a "debt collector" as the term is used and defined in the FDCPA. Mr. Renner is a "regulated person" as the term is defined and used in the MCPA.

6. Upon information and belief, Mr. Renner helped create, approved, implemented and ratified the practices of Defendant Velo that are described below in this complaint.

7. At all relevant times, Defendants directly and indirectly participated in the efforts to collect alleged debts from Plaintiff as described below in this complaint.

**Factual Allegations**

8. Ms. Molina and two others signed a lease for a single family residence located at 502 Worden Street, SE, Grand Rapids, Michigan, from Simple Home Management L.L.C. ("Simple"), on or about March 8, 2017.

9. Ms. Molina moved out of the residence in July, 2017, and continued to pay her share of the rent through the end of the lease on March 31, 2018. Ms. Molina informed Simple that she would not renew the lease.

10. Simple brought an action to evict Ms. Molina and two others from the Worden Street home on July 12, 2018, in 61st District Court, Grand Rapids, Michigan, Case No. 18-LT-1921.

11. Simple did not personally serve Ms. Molina with the summons and complaint. As a result, the Court entered no money judgment against Ms. Molina. *See* Exhibit A.

12. Defendants falsely represented that Simple received a money judgment against Ms. Molina in Case No. 18-LT-1921 and requested 61st District Court to issue a writ of garnishment to garnishee State of Michigan for Ms. Molina's 2020 Michigan income tax refund. The Court issued that writ on October 10, 2020. *See* Exhibit B.

13. Garnishee State of Michigan made its disclosure on the writ of garnishment on March 4, 2021, and informed Ms. Molina that it would send Defendants $829.00 of her 2020 Michigan income tax refund to partially satisfy the alleged money judgment against her. *See* Exhibit C.

14. Upon information and belief, Defendants received $829 of Ms. Molina's 2020 Michigan income tax refund on or after March 4, 2021.

15. The 61st District Court cancelled the income tax garnishment on or about March 9, 2021, because "no money judgment entered as to this Defendant." *See* Exhibit D. Upon information and belief, the Court mailed a copy of this release to Defendants on March 9, 2021.

16. Ms. Molina demanded the return of the income tax garnishment wrongfully paid to Defendants on numerous occasions.

17. On or about April 26, 2021, Defendants forwarded $400.01 of the $829.00 of garnished funds to Ms. Molina, with no explanation as to the application of the retained $428.99 balance of her income tax refund.  See Exhibit E.

18. On or about April 29, 2021, Defendants filed a certificate of satisfied judgment with 61st District Court informing it that the judgment entered in Case No. 18-LT-1921 had been satisfied as to all defendants.  See Exhibit F.

19. On or about March 28, 2021, Defendants filed a collection lawsuit, Case No. 21-0354 GC, for its client, Simple, against Ms. Molina and two others in 7th District Court in Van Buren County, Michigan.  See Exhibit G.

20. In Case No. 21-0354 GC, Defendants falsely represented that there was "no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint." In fact, Case No. 18-LT-1921 remained open at that time.

21. Defendants falsely represented that one of the three defendants in that action lived in Mattawan, Michigan, situated in Van Buren County.  In fact, Defendants knew, or should have known, that no Defendant resided in Van Buren County, Michigan.

22. Defendants falsely represented that Ms. Molina and two others breached the residential lease which was attached to the complaint.

23. Defendants falsely represented that Ms. Molina and two others received and accepted account billing statements from Simple, did not object to the statements, and sought a money judgment from Ms. Molina and two others in the amount of $1,526.75 for an alleged account stated.

24. Defendants also sought the same amount from Ms. Molina and two others based upon an unjust enrichment equitable claim.

25. Ms. Molina, at significant expense, filed and successfully prosecuted a motion to change venue improperly laid in 7th District Court. The Court ordered the Case No. 21-0354 GC be transferred to 61st District Court in Grand Rapids, Michigan. The case is set for a pretrial conference on October 7, 2021.

26. As a result of Defendants' violations of the FDCPA, MCPA and other laws, Ms. Molina has suffered and continues to suffer very significant and severe damages that include, but are not limited to, fear, anger, rage, bullied, worry, stress, chronic sleeplessness, stress upon her family, frustration, upset, humiliation, embarrassment and other negative emotions, extreme anxiety and other emotional distress.

27. As a result of Defendants' abusive collection actions and other illegal actions, Ms. Molina has sustained significant monetary losses in the form of her costs and time associated with retrieving her wrongfully garnished Michigan income tax refund and defending against Defendants' fraudulent and baseless collection case intentionally filed in the wrong county.

### Summary

28. Defendants' abusive collection actions against Ms. Molina violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692(e)(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g(6), amongst others.

29. Defendants' abusive collection actions against Ms. Molina violated numerous and multiple provisions of the MCPA, including but not limited to M.C.L. §§445.252 (a), (d), (e), (f), (g), (n) and (q).

30. Defendants' wrongful conversion of Ms. Molina's 2020 Michigan income tax refund subjects them to treble damages, plus costs and attorney fees. M.C.L. §600.2919a.

### Trial by Jury

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## Causes of Action

### Count I.
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates the above paragraphs here.

33. In enacting the Fair Debt Collection Practices Act, Congress made a specific finding as follows:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

34. The FDCPA, at 15 U.S.C. §1692d, prohibits any conduct, the natural consequence of which is to harass, oppress, or abuse any person.

35. Defendants' filing of a fraudulent and baseless collection lawsuit against Ms. Molina in Van Buren County, Michigan, violated 15 U.S.C. §1692d.

36. Defendants' refusal to immediately refund the entire amount of the wrongfully garnished 2020 Michigan income tax refund violated 15 U.S.C. §1692d.

37. The FDCPA, at 15 U.S.C. §1692e, prohibits the use of any false, misleading or deceptive representation or means in connection with the collection of a debt, including the threat to take any action that cannot legally be taken.

38. By requesting and filing a garnishment against Ms. Molina's 2020 Michigan income tax refund when its client had no money judgment against Ms. Molina, Defendants violated 15 U.S.C. §1692e.

39. Defendants' representation that its client had a money judgment against Ms. Molina when it did not was unconscionable and unfair, in violation of 15 U.S.C. §1692f.

40. Defendants' representation that there was no other action pending elsewhere on the summons in Case No. 21-0354 GC was false, unconscionable and unfair, in violation of 15 U.S.C. §§1692e and f.

41. Defendants' representation that Ms. Molina had received and accepted account billing statements from its client and not objected to same in its complaint in Case No. 21-0354 GC was false, unconscionable and unfair, in violation of 15 U.S.C. §§1692e and f.

42. The FDCPA, at 15 U.S.C. §1692i, required Defendants to bring any legal action against Ms. Molina only in the judicial district in which she signed the contract or in which she resided.

43. Defendants violated 15 U.S.C. 1692i when they filed Case No. 21-0354 GC in Van Buren County, Michigan.

44. Defendants' conduct as alleged above was willful, oppressive, fraudulent, malicious, and done in reckless disregard of Ms. Molinal's rights.

WHEREFORE, Plaintiff Eva Molina requests:

A. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined by the Court.

B. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2).

C. Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## Count II.
## Violations of the Michigan Collections Practices Act

45. Plaintiff incorporates the above paragraphs here.

46. Defendants' filing a garnishment against Ms. Molina's 2020 Michigan income tax refund when its client had no money judgment against her was an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(e).

47. Defendants' filing a garnishment against Ms. Molina's 2020 Michigan income tax refund when its client had no money judgment against her was a communication to Ms. Molina that misrepresented the legal status of a legal action being taken, misrepresented the creditor's legal rights, and misrepresented that the Defendants could seize Ms. Molina's tax refund, all in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(f).

48. Defendants' filing a garnishment against Ms. Molina's 2020 Michigan income tax refund when its client had no money judgment against her constituted a harassing, oppressive and abusive method to collect an alleged debt in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(n).

49. Defendants' filing a debt collection lawsuit against Ms. Molina and two others in Van Buren County, Michigan, when none of the defendants resided in that county constituted a harassing, oppressive and abusive method to collect an alleged debt in willful violation of the Michigan Collection Practices Act, M.C.L. § 445.252(n).

50. Defendants' failure to implement procedures designed to prevent a violation of the Michigan Collection Practices Act willfully violated M.C.L. § 445.252(q).

WHEREFORE, Plaintiff Eva Molina requests:

A. Actual damages, pursuant to M.C.L. § 445.257 in an amount to be determined by the Court.

B. Assessment of a civil fine against Defendants of three or more times Ms. Molina's actual damages pursuant to § 445.257(2).

C. Costs of this action and reasonable attorney fees pursuant to § 445.257(2).

## Count III.
## Conversion

45. Plaintiff incorporates the above paragraphs here.

46. Ms. Molina was entitled to receive a refund of her 2020 Michigan income taxes paid in the amount of $829.

47. Defendants intentionally dispossessed Ms. Molina of her 2020 Michigan income tax refund through the use of a false request for a writ of garnishment of it, misrepresenting that their client had a money judgment against her when, in fact, it did not.

48. Defendants refused to surrender Ms. Molina's entire 2020 Michigan income tax refund after her many demands that they do so.

49. Defendants received and concealed $428.99 of Ms. Molina's 2020 Michigan income tax refund which they had converted.

WHEREFORE, Plaintiff Eva Molina requests the return of her converted 2020 Michigan income tax refund, plus interest; and treble damages pursuant to M.C.L. §600.2919a.

Respectfully submitted,
COTNER LAW OFFICES

Date: September 29, 2021

/s/ Roger G. Cotner
Roger G. Cotner (P36569)
Attorney for Plaintiff
PO Box 838
Grand Haven, MI  49417
616-846-7153
roger@cotnerlaw.us